UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEREMY M. GLAPION,**<br><br>　　　　　Plaintiff,<br>v.<br><br>**DOE CORPORATION UTILIZING TELEPHONE NUMBERS 941-229-5065, 941-584-3794, and OTHERS**<br><br>　　　　　Defendant. | Civil Case No.: 21-cv-599<br><br>**COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has placed dozens of prerecorded telemarketing telephone calls to Plaintiff.

3. Plaintiff never provided consent to Defendant for such calls.

4. Plaintiff's number has also been on the National Do-Not-Call Registry since May 2018.

5. In an effort to avoid liability, Defendant uses limited-time telephone numbers that appear to remain active for no more than 24 hours after a call was placed.

6. As such, even if Plaintiff can call back before the number is deactivated, it does not connect Plaintiff with any live person or provide any way for Plaintiff to opt out.

7. Accordingly, Defendant's actions violated the TCPA, and Plaintiff is entitled to $1,000-$3,000 per call ($500-$1500 for violations of § 227(b), and an additional $500-$1500 for violations of § 227(c)).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has personal jurisdiction over Defendant because its actions giving rise to the claim were targeted at this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District.

## PARTIES

11. Plaintiff is a citizen and resident of Manasquan, New Jersey.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Defendant is, based on the area code it uses to call, likely a Florida-based corporation.

14. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

15. Plaintiff owns a Google Voice telephone number ending in 9268.

16. Since at least June 16, 2020, Plaintiff has received calls from telephone numbers beginning with area code 941 which all leave voicemail messages between 4 and 6 seconds long that begin with three seconds of silence followed by, at the four second mark, the single prerecorded word: "Goodbye."

17. Plaintiff knows that the word "Goodbye" is prerecorded or artificial because of his familiarity with common speech, intonation, characteristics, and other artificial voices, and that the "Goodbye" was identical in each message.

18. These numbers include 941-229-5065, 941-584-2794, 941-229-5936, and 941-220-5585.

19. According to Phonevalidator.com, each of these telephone numbers belongs to "Onvoy", which is a company that provides telephone numbers to service providers for their customers to use.

20. It is possible that there were additional calls, as Plaintiff received similar voicemails as far back as October 2017, but those calls used different area codes than the recent series of calls.

21. Notably, Defendant appears to de-activate its phone numbers within approximately 24 hours of its calls using that telephone number.

22. Upon information and belief, it does this because it knows it is violating the TCPA, and it is trying to stay ahead of those seeking to hold it accountable.

23. On January 6, 2020, Plaintiff tried calling back several of the numbers that had recently called him.

24. While most were not answered and/or were disconnected, at around 1:00 PM, Plaintiff was able to connect to telephone number 941-229-5065, which had called Plaintiff on January 5 at 3:08 PM.

25. This call was answered by a prerecorded message that presented a series of offers to Plaintiff, allowing Plaintiff to choose an offer to obtain more information about, or skip to the next offer.

26. Plaintiff does not recall the first offer presented.

27. The second offer presented was to save money on travel (airfare, hotels, etc). Plaintiff pressed the button to receive more information about this offer, but was told no one was available to provide more information about that offer (or words to that extent).

28. The system then proceeded to the next offer, which dealt with genetic screening for cancer risks.

29. At no point during this call did the message identify or provide any clues as to the caller's identity.

30. Plaintiff pressed the prompt to receive more information about this offer and was connected with an agent for Global Reach Labs.

31. Plaintiff explained what had happened to the Global Reach Labs agent, and in the course of the conversation, the agent revealed that her system indicated Plaintiff had called her directly, and even showed Plainitff's 9268 number as the "caller ID".

32. Global Reach Labs' agent claimed to have no idea about the outbound calls and message Plaintiff described.

33. This means, then, that Defendant Doe Corporation is not operating on a referral basis with Global Reach Labs, as it would need to provide some information on its identity to receive referral credit, but is instead an entity with which Global Reach Labs contracted to bring in leads.

34. At this time, Plaintiff does not know the extent of Global Reach Labs' knowledge or involvement in these calls, but at minimum Global Reach Labs maintains records that will help identify Doe Corporation.

35. Upon information and belief, Defendant Doe leaves voicemails to encourage prompt call backs, as a person would be less likely to return a call from an unknown number that does not leave a voicemail.

36. As such, while the "Goodbye" content of Defendant's prerecorded message did not contain telemarketing material, the purpose of the call was to relay telemarketing content (offers)

to Plaintiff (either if he had answered or if he called back promptly).

37. Defendant's actions in placing calls using a prerecorded or artificial voice to Plaintiff's telephone number without Plaintiff's consent violate 47 U.S.C. § 227(b).

38. Plaintiff is entitled to an award of a minimum of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Defendant's actions were willful and/or knowing because Defendant placed the calls of its own volition and takes pains to hide its identity (by deactivating telephone numbers and not revealing its identity).

40. Accordingly, Plaintiff is entitled to an award of $1,500 per call, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. In addition, because the calls were telephone solicitations and Plaintiff's telephone number was on the National Do-Not-Call Registry, Defendant's calls violated 47 U.S.C § 227(c), and Plaintiff is entitled to an additional $500 (minimum) to $1500 (willful) per call.

42. Plaintiff has suffered concrete harm because of Defendant's telephone calls, including, but not limited to:

- Lost time tending to the unwanted calls and responding to Defendant's unlawful conduct;
- Invasion of his privacy by intrusion upon seclusion

43. These forms of concrete harm are sufficient for Article III standing purposes.

44. Plaintiff is entitled to statutory damages and injunctive relief for these violations of the TCPA.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(B)

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Defendant placed telemarketing telephone calls to Plaintiff without his prior express written consent.

47. These calls each used a prerecorded or artificial voice.

48. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

49. Plaintiff is entitled to an award of damages of $500 per call pursuant to § 47 U.S.C. § 227(b)(3).

50. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)

51. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

52. Defendant made telephone solicitations to Plaintiff's telephone number ending in 9268.

53. Plaintiff's telephone number ending in 9268 has been on the National Do-Not-Call Registry since May 16, 2018.

54. Plaintiff is entitled to an award of damages of $500 per call pursuant to 47 U.S.C. § 227(c)(5)(C).

55. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jeremy M. Glapion prays for the following relief:

A. An order declaring that Defendant's actions violate the aforementioned laws and statutes;

  B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

  C. An award of statutory or contractual damages;

  D. An award of treble damages;

  E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** January 12, 2021

                _s/ Jeremy M. Glapion_____
                Jeremy M. Glapion
                **THE GLAPION LAW FIRM, LLC**
                1704 Maxwell Drive
                Wall, New Jersey 07719
                Tel: 732.455.9737
                Fax: 732.965.8006
                jmg@glapionlaw.com