UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREMY GLAPION, | : |
| Plaintiff, | : Civil Action No. 21-599 (FLW)(DEA) |
| v. | : |
| DOE CORPORATION, | : |
| Defendant. | : |

This matter comes before the Court on a motion Plaintiff Jeremy Glapion seeking leave to serve third-party subpoenas prior to a Rule 26(f) conference to obtain the identity of the Doe Defendant. Plaintiff brought this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), alleging that Defendant Doe Corporation "placed dozens of prerecorded telemarketing telephone calls to Plaintiff" in violation of the TCPA. ECF No. 1. While Plaintiff has been able to identify the telephone numbers from which these calls were allegedly placed,[1] Plaintiff has been unable to identify the entity responsible for placing the calls. Through his own investigation, Plaintiff "has been able to determine that those numbers are or were owned by either Bandwidth.com CLEC or Onvoy, LLC" both of whom "provide the telephone numbers to third party platforms (such as Google Voice) to provide to their customers for use." ECF No. 2-1 at 1. Plaintiff has further identified at one company, Global Reach Labs, LLC, whose services Doe Corporation was allegedly advertising.

In Order to learn the identity of Doe Corporation, Plaintiff seeks leave to issue subpoenas to the following: (1) Bandwidth.com CLEC ("Bandwith") and Onvoy LLC ("Onvoy") "to identify the third[-]party platforms to which they leased or sold the telephone numbers at issue"; (2) "the third-

---

[1] These numbers are 941-229-5065, 941-584-2794, 941-229-5936, and 941-220-5585. ECF No. 1 at ¶ 18.

party platforms themselves for the identity of the subscriber"; and (3) "Global Reach Labs for information it might have on these calls, including information about its third-party marketing agreements, partners, and any investigation it may have conducted into these calls."

Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court, however, may grant leave to conduct discovery prior to that conference. Fed. R. Civ. P. 26(d)(1). When evaluating a motion for expedited discovery, courts in this District frequently employ a "good cause" standard to determine whether such discovery is appropriate. *Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, at *4 (D.N.J. June 30, 2020). In applying this test, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances.*" Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006). As noted recently by one court, the non-exclusive list of factors generally considered include the following:

> (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether the discovery burdens the defendant; and (5) whether the defendant can respond to the request in an expedited manner. Other courts have offered related but different factors for consideration, including (1) the plaintiff's ability to make out a prima facie showing of [its claim], (2) the specificity of the discovery request, (3) the absence of alternative means for obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the defendant's expectation of privacy.

*Strike 3 Holdings*, 2020 WL 3567282, at *4 (citations omitted).

It is clear here that Plaintiff will not be able to proceed with his case if he cannot identify Doe Corporation. However, among the factors considered by Courts in application of the good cause standard is whether the party's proposed discovery request is narrowly tailored and whether there is an alternate means of obtaining the information sought. *Strike 3 Holdings*, 2020 WL 3567282, at *4. Here, the proposed discovery Plaintiff intends to seek from Bandwidth, Onvoy, and the third-party

platforms is narrowly tailored to identify the subscriber to the telephone service associated with the numbers at issue. However, Plaintiff's proposed Subpoena to Global Reach Labs for "information about its third-party marketing agreements, partners, and any investigation it may have conducted into these calls" is not. In accordance with the relationships described by Plaintiff, the subscriber's name should be available from the third-party platform, as it is the third-party platform that provides the telephone number directly to the subscriber. The identity of the third-party platform can be obtained from Bandwith and Onvoy. As Plaintiff has not yet attempted to obtain the information from these entities, the Court finds that the proposed Subpoena to Global Reach Labs to be premature and not narrowly tailored to obtain the identity of the subscriber of the telephone numbers at issue. Accordingly,

**IT IS** on this 29th day of July 2021

**ORDERED** that Plaintiff's motion [ECF No. 2] is GRANTED in part and DENIED in part; and it is further

**ORDERED** that Plaintiff's motion for leave to serve Subpoenas upon Bandwith and Onvoy "to identify the third[-]party platforms to which they leased or sold the telephone numbers at issue" and on "the third-party platforms themselves for the identity of the subscriber" is GRANTED and it is further

**ORDERED** that Plaintiff is to attach a copy of this Order to the Subpoenas; and it is further

**ORDERED** that Plaintiff's motion is DENIED in all other respects.

*s/ Douglas E. Arpert*  
DOUGLAS E. ARPERT  
United States Magistrate Judge

---terminates ECF No. 2