## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEREMY M. GLAPION,** | Civil Case No.: 21-cv-599 |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| **RENOVATION REFERRAL, LLC d/b/a SOLAR MEDIA TEAM; GABRIEL SOLOMON SR.** | |
| Defendants. | |

## INTRODUCTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.     Since June 2020, Defendants have placed over 100 prerecorded telemarketing telephone calls to Plaintiff.

3.     Plaintiff never provided consent to Defendants for such calls.

4.     Plaintiff's number has also been on the National Do-Not-Call Registry since May 2018.

5.     In an effort to avoid liability, Defendants use limited-time telephone numbers that appear to remain active for no more than 24 hours after a call was placed.

6.     As such, even if Plaintiff can call back before the number is deactivated, it does not connect Plaintiff with any live person or provide any way for Plaintiff to opt out.

7.     Accordingly, Defendants' actions violated the TCPA, and Plaintiff is entitled to $1,000-$3,000 per call ($500-$1500 for violations of § 227(b) plus an additional $500-$1500 for violations of § 227(c)).

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9.     This Court has personal jurisdiction over Defendants because its actions giving rise to the claim were targeted at this District and Defendants' actions giving rise to the harm took place in this district.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District.

## PARTIES

11.     Plaintiff is a citizen and resident of Manasquan, New Jersey.

12.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13.     Defendant Renovation is, and at all times herein was, a Florida corporation based in Coconut Creek, Florida.

14.     Defendant Solomon is, and at all times herein was, a Florida resident.

15.     Defendants are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153 (39).

## FACTS

16.     Plaintiff owns a Google Voice telephone number ending in 9268.

17.     Since at least June 16, 2020, Plaintiff has received calls from telephone numbers beginning with area code 941 and 719 which all leave voicemail messages between 4 and 20 seconds long that begin with silence, followed by the single prerecorded word "Goodbye."

18.     Plaintiff knows that the word "Goodbye" is prerecorded or artificial because of his familiarity with common speech, intonation, characteristics, and other artificial voices, and that

the "Goodbye" was identical in each message.

19.     These numbers include 941-229-5065, 941-584-2794, 941-229-5936, 941-220-5585, and 719-259-6508.

20.     These numbers are either currently used by Defendant Renovation or were at the time of the calls.

21.     The contact information for the account, and the email used to log in to the account, belong to Defendant Solomon.

22.     This means that Defendant Solomon had full control over all calls made from this account, and the full ability to monitor, direct, and audit such calls.

23.     Defendants appear to de-activate inbound calls to its phone numbers its phone numbers within approximately 24 hours of its calls using that telephone number.

24.     Upon information and belief, it does this because they know it is violating the TCPA, and it is trying to stay ahead of those seeking to hold it accountable.

25.     On January 6, 2020, Plaintiff tried calling back several of the numbers that had recently called him.

26.     While most were not answered and/or were disconnected, at around 1:00 PM, Plaintiff was able to connect to telephone number 941-229-5065, which had called Plaintiff on January 5 at 3:08 PM.

27.     This call was answered by a prerecorded message that presented a series of offers to Plaintiff, allowing Plaintiff to choose an offer to obtain more information about, or skip to the next offer.

28.     Plaintiff does not recall the first offer presented.

29.     The second offer presented was to save money on travel (airfare, hotels, etc).

Plaintiff pressed the button to receive more information about this offer, but was told no one was available to provide more information about that offer (or words to that extent).

30.     The system then proceeded to the next offer, which dealt with genetic screening for cancer risks.

31.     At no point during this call did the message identify or provide any clues as to the caller's identity.

32.     Plaintiff pressed the prompt to receive more information about this offer and was connected with an agent for Global Reach Labs.

33.     Plaintiff explained what had happened to the Global Reach Labs agent, and in the course of the conversation, the agent revealed that her system indicated Plaintiff had called her directly, and even showed Plainitff's 9268 number as the "caller ID".

34.     Global Reach Labs' agent claimed to have no idea about the outbound calls and message Plaintiff described.

35.     Upon information and belief, Defendants leave voicemails to encourage prompt call backs, as a person would be less likely to return a call from an unknown number that does not leave a voicemail.

36.     As such, while the "Goodbye" content of Defendants' prerecorded message did not contain advertising material, the purpose of the call was to relay telemarketing content (offers) to Plaintiff (either if he had answered or if he called back promptly).

37.     Further, had Plaintiff answered, Plaintiff would have been presented with a sales pitch.

38.     Even if these calls were not telemarketing, Plaintiff never provided Defendants with his number in the first place.

39.     Defendants' actions in placing calls using a prerecorded or artificial voice to Plaintiff's telephone number without Plaintiff's consent violate 47 U.S.C. § 227(b).

40.     Plaintiff is entitled to an award of a minimum of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

41.     Defendants' actions were willful and/or knowing because Defendants placed the calls of their own volition and takes pains to hide their identity (by deactivating telephone numbers and not revealing their identity).

42.     Accordingly, Plaintiff is entitled to an award of $1,500 per call, pursuant to 47 U.S.C. § 227(b)(3)(B).

43.     In addition, because the calls were telephone solicitations and Plaintiff's telephone number was on the National Do-Not-Call Registry, Defendants' calls violated 47 U.S.C § 227(c), and Plaintiff is entitled to an additional $500 (minimum) to $1500 (willful) per call.

44.     Defendant Solomon was at all times aware of and in full control over the calls coming from his account made for Defendant Renovation.

45.     Plaintiff has suffered concrete harm because of Defendants' telephone calls, including, but not limited to:

- Lost time tending to the unwanted calls and responding to Defendants' unlawful conduct;

- Invasion of his privacy by intrusion upon seclusion

46.     These forms of concrete harm are sufficient for Article III standing purposes.

47.     Plaintiff is entitled to statutory damages and injunctive relief for these violations of the TCPA.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(B)**

48.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49.     Defendants placed telephone calls to Plaintiff without prior express consent or prior express written consent.

50.     These calls each used a prerecorded or artificial voice.

51.     The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

52.     Plaintiff is entitled to an award of damages of $500 per call pursuant to § 47 U.S.C. § 227(b)(3).

53.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)

54.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55.     Defendants made telephone solicitations to Plaintiff's telephone number ending in 9268.

56.     Plaintiff's telephone number ending in 9268 has been on the National Do-Not-Call Registry since May 16, 2018.

57.     Plaintiff did not invite the calls nor did he have an established business relationship with Defendants.

58.     Plaintiff is entitled to an award of damages of $500 per call pursuant to 47 U.S.C. § 227(c)(5)(C).

59.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jeremy M. Glapion prays for the following relief:

A.      An order declaring that Defendants' actions violate the aforementioned laws and statutes;

B.      An award of injunctive and other equitable relief prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

C.      An award of statutory or contractual damages;

D.      An award of treble damages;

E.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** August 20, 2021

  s/ Jeremy M. Glapion_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com